# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 3:19-CR-630-B |
| | ) | |
| AMIE DAWN SANMIGUEL | ) | |

## MEMORANDUM OPINION AND ORDER

By electronic order of reference dated May 22, 2020 (doc. 225), before the Court is *Defendant's Motion to Reopen Detention*, filed May 22, 2020 (doc. 224). Based on the relevant filings, the evidence of record, and the applicable law, the motion is **DENIED**.

## I. BACKGROUND

On February 12, 2020, Amie Dawn Sanmiguel (Defendant) was charged by indictment with conspiracy to possess and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a). (*See* doc. 1.) She was arrested and made her initial appearance in this district on February 21, 2020, and was ordered detained after she waived her right to a detention hearing. (*See* docs. 86, 151, 152, 153.) Defendant now seeks pretrial release to home confinement on grounds that inmates in the detention facility in which she is housed have been diagnosed with COVID-19, and she has significant underlying health conditions that make her susceptible to severe complications if she contracts the virus. (*See* doc. 224 at 1-2.)

## II. 18 U.S.C. § 3142(f)(2)

Defendant seeks to reopen the matter of detention under § 3142(f) based on new information, i.e., the COVID-19 pandemic.[1]

---

[1] COVID-19 is an infectious disease caused by a new virus, and its resulting respiratory complications have resulted in thousands of deaths around the world and in the United States. *See United States v. Morris,* No. 3:19-CR-573-B, 2020 WL 1694301, at *4 (N.D. Tex. Apr. 6, 2020) (citations omitted). According to the Center for Disease Control (CDC), persons with underlying medical conditions, such as heart disease, lung disease, diabetes,

Section 3142(f)(2)(B) of Title 18 provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Fifth Circuit has interpreted this standard as requiring "new" information. *U.S. v. Stanford*, 367 F. App'x 507, 510 (5th Cir. Feb. 17, 2010) (per curiam)(citing *United States v. Hare,* 873 F.2d 796, 799 (5th Cir.1989). New and material information for purposes of § 3142(f)(2)(B) consists of "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the requirements of this provision strictly. *U.S. v. Jerdine,* 2009 WL 4906564 (N.D. Ohio Dec. 18, 2009) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new) (citing, in part, *Hare,* 873 F.2d at 799); *c.f. U.S. v. Rodriguez-Adorno*, 606 F.Supp.2d 232, 238-239 (D.P.R. 2009) (also citing *Hare*). Conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable. *See U.S. v. Stanford*, 341 F. App'x 979, 984 (5th Cir. Aug. 24, 2000).

Here, Defendant's "new information" consists primarily of her concerns of contracting COVID-19 at the Fannin County jail, where she is confined. Although she states that she has had significant health issues both before and since her arrest, her argument focuses on how her significant health issues place her at greater risk for severe complications if she were to contract

---

asthma, and obesity, are at a higher risk of developing serious COVID-19 illness. *See id.* (citations omitted). The CDC has acknowledged the particular challenges faced by correctional and detention facilities in controlling the transmission of COVID-19. *See id.* (citations omitted).

COVID-19.

Some courts have held that because a defendant's concerns of heightened COVID-19 risks while incarcerated would not typically factor into an analysis of whether to reopen detention under 18 U.S.C. § 3142(f)(2), which focuses on whether conditions can be set that reasonably assure the safety of the community and the defendant's appearance in court, they are more properly addressed under § 3142(i). *See United States v. Martinez Hernandez,* No. 3:19-CR-346-K, 2020 WL 1876102, at *2 (N.D. Tex. Apr. 14, 2020) (citing *United States v. Terrone,* No. 3:19-CR-00058-RCJ-CLB, 2020 WL 1844793, at *5 (D. Nev. Apr. 10, 2020)(citations omitted)); *United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298, at *4 (N.D. Tex. Apr. 7, 2020) (citing *United States v. Clark*, __F.Supp.3d__, 2020 WL 1446895, at *5 (D. Kan. Mar. 25, 2020)). This Court has agreed with this approach and found it particularly applicable in cases like this one, where there was no detention hearing to reopen because Defendant waived her right to a hearing. *See id.* Because she seeks "short-term temporary" release pending trial based on the COVID-19 pandemic, her motion is construed as seeking temporary release under 18 U.S.C. § 3142(i), and not as seeking to reopen the detention hearing under § 3142(f). *See id.*; *see also United States v. Dunn,* No. 3:19-cr-503-X (N.D. Tex. Apr. 13, 2020), doc. 27 at 1-2 (construing motion for pretrial release by defendant who waived hearing due to COVID-19 concerns as arising under § 3142(i)).

### III. 18 U.S.C. § 3142(i)

Defendant alternatively seeks temporary release, contending that the COVID-19 pandemic constitutes a compelling reason for release.

Section 3142(i) states that after a defendant has been detained,

the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the

judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). It is the defendant who bears the burden to show that temporary release is necessary. *Hernandez,* 2020 WL 1876102, at *2 (citing *Wright,* 2020 WL 1694298, at *4 (quoting *United States v. Buswell,* No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013)), and *United States v. Slaughter*, No. 3:18-cr-00027, 2020 WL 1685117, at *2 (S.D. Tex. Apr. 6, 2020)).

"Courts have noted the limited existence of authority delineating what constitutes a 'compelling reason' under § 3142(i)." *Id.* (citing *Wright,* 2020 WL 1694298, at *4 (quoting *Clark*, 2020 WL 1446895, at *4)). Although a medical condition may enough to show a "compelling reason," "relief has typically been granted only sparingly, such as where the defendant is suffering from a terminal illness or serious injuries." *Id.* "Nevertheless, requests for release in light of the COVID-19 pandemic have been considered under the "compelling reason" prong of § 3142(i)." *Id.* (citations omitted). "The growing number of jurisdictions using this approach have found that generalized COVID-19 fears and speculation are insufficient to meet this prong and have instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted." *Id.* (collecting cases). To make this individualized determination, courts have considered the four factors enumerated in *Clark*, which are to be considered as a whole, but not necessarily equally: "(1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's stated COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." *See id.* (quoting *Clark*, 2020 WL 1446895, at *3). While these factors provide a useful guide, a detailed analysis of all four appears unnecessary where, as here, a

4

defendant has presented only generalized concerns and speculation about the potential for infection. *See id.*

Here, the only specific consideration presented by Defendant is her underlying medical condition.  She does not allege that she is being detained in the same part of the facility where anyone who is symptomatic or has been diagnosed with COVID-19 is being detained, or that she has been exposed to anyone who is symptomatic or has been diagnosed with COVID-19.  *See Wright,* 2020 WL 1694298, at *6.  Nor has she alleged that the facility is not taking reasonable measures to prevent the spread of COVID-19 or to protect her from it, and she does not specifically allege how any measures in place at the detention facility are insufficient to address her generalized concerns about infection.  *See Wright,* 2020 WL 1694298, at *6, citing *United States v. Morris,* No. 3:19-CR-573-B, 2020 WL 1694301, at * (N.D. Tex. Apr. 6, 2020) (citations omitted).  In *Wright*, the court noted that "'[a]s for local pretrial detention facilities the Marshals Service contracts with, each has their own internal procedures as to how they are dealing with the COVID-19 virus and are following CDC guidelines to the best of their ability. Each facility has updated their intake procedures, which includes screening each new inmate for the COVID-19 symptoms, and will deny entry into their facility if an inmate demonstrates any symptoms.'" *Id.* at 6; *see also Morris,* 2020 WL 1694301, at *5 ("The United States Marshal's Office for the Northern District of Texas has confirmed that all of the facilities in which it houses federal detainees are implementing practices to protect detainees in accordance with CDC guidelines.").  Defendant has also not alleged that the facility is or has been unable to treat her underlying medical conditions. Generalized concerns are insufficient to show a compelling reason for temporary release.  *See id.; see also United States v. Terrone,* __F.Supp.3d__, 2020 WL 1844793, at *10 (D. Nev. Apr. 10, 2020).

"While Defendant's concerns about the pandemic are not without merit, that alone is insufficient to warrant release without consideration of the Section 3142(g) [detention] factors." *United States v. Okhumale*, No. 3:20-cr-122-L, 2020 WL 1694297, at *6 (N.D.Tex. Apr. 7, 2020); *see also United States v. Kerr*, No. 3:19-cr-296-L, 2020 WL 1529180, at *3 (N.D. Tex. Mar. 31, 2020) ("the court cannot not release every detainee who may be at risk of contracting COVID-19, as it would then be required to release all detainees.").  On this record, Defendant has not shown a compelling reason justifying temporary release.

## IV.  CONCLUSION

Defendant's motion is **DENIED**.

**SO ORDERED** on June 5, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6